UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAOUF G. HADDAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:06CV1456-DJS |
| | ) |
| HERTZ CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

The matter currently before the Court is defendant's motion for summary judgment [Doc. #31]. This matter has been fully briefed and is now ripe for disposition. For the reasons stated below, the motion will be granted.

### PROCEDURAL BACKGROUND

On October 3, 2006, pro se plaintiff Raouf G. Haddad ("Haddad") filed an employment discrimination complaint with this Court. [Employment Discrimination Complaint, Doc. #1 ("Compl.")]. In that complaint, Haddad alleges that defendant Hertz Corporation ("Hertz") failed to promote him,[1] and that the decision not to

---

[1] Haddad has filed a template complaint, wherein claims are asserted by checking the appropriate box. Haddad has checked both the "failure to hire me" and the "failure to promote me" boxes. [Compl., p. 4]. However, the undisputed facts indicate that he was an employee of Hertz during the entire period of alleged discrimination, and all of his own alleged facts support claims of discrimination based on a failure to promote, not a failure to hire. Consequently, to the extent Haddad's complaint asserts claims of discrimination based on a failure to hire, those claims are subject to summary judgment.

promote him was influenced by his race, national origin, color, and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.[2]

Hertz presents two arguments to support its motion for summary judgment: (1) that Haddad's claims were untimely filed with the Equal Employment Opportunity Commission ("EEOC"); and (2) that Haddad has not presented sufficient facts to dispute Hertz's legitimate, nondiscriminatory reasons for its employment decisions.

On July 20, 2007, Haddad filed a brief in opposition to Hertz's motion [Doc. #33], stating that

> Hertz...is trying to hide and conceal the outstanding incompetence, and failures...to interrupt due process and proceedings with the case through a jury trial. Hertz Corporation abused their authority, deny my right for an

---

[2]The facts set forth in the complaint are summarized as follows:

> I was hired by Hertz Corporation as a transporter driver on 9-4-2003. In March 2005, I saw an advertisement for a customer service job....I went to apply for the job, being in the company almost 19 months as a driver. I met H.R. representative Ms. Julie and I requested an application to apply for the job. Ms. Julie was so rude and abrupt. She told me that I do not have to put a request in writing, and that she will call me in case I become considered for the job, and that she had my personal [sic.] file containing the experiences I have for the job. But she never call. This happened three more time later through 12-22-2005. Four black females were hired for customer service jobs and I was denied that position though I have fourty [sic.] years experience in customer service and cash management.

[Compl., pp. 5-6].

> interview for the job, and act towards me in an
> abusive and nonprofessional mannar [sic.]....The
> defendant Hertz Corporation again is trying to
> harrass [sic.] me, and trying in its motion for
> summary judgment, to introduce matters that
> should be left to the decision of the jury....

[Id. at 2-3]. Haddad did not include a response to Hertz's statement of material facts (as required by E.D.Mo. L.R. 7-4.01(E)), nor did he include a statement of material facts for which he contends genuine issues exist.

On July 27, 2007, Hertz filed a brief in reply, in which it restates its previous arguments and asks that the Court grant summary judgment in its favor.

## **UNDISPUTED FACTS**

The following facts are those stated in Hertz's statement of material facts and supported with pinpoint citations to the record that Haddad has not disputed.[3] On September 4, 2003, Haddad began his employment as a transporter with Hertz Transporting, Inc., a wholly owned subsidiary of Hertz, at its facility located at the St. Louis, Missouri, airport. Julie Malloy ("Malloy"), Hertz's senior Employee Relations Representative, interviewed and made the decision to hire Haddad. Haddad was fifty-seven years old when he was hired.

Hertz internally posts all openings for customer service representative ("CSR") positions and considers all transporters who

---

[3]"All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R. 7-4.01(E).

3

apply for a CSR position before seeking outside applicants.[4] If no qualified and desirable internal candidate expresses an interest in an available CSR position, Malloy then seeks external applicants, generally by advertising for the position in a local newspaper.

In or about January 2005, Hertz placed an internal posting to all transporters notifying them of open CSR positions. Haddad spoke with Malloy about the posting, telling her that he was interested in a CSR position because he did not want to work outside as a transporter anymore. Malloy concluded that she would not select Haddad for the vacant CSR position, and placed an ad in a newspaper on February 6, 2005. External applicants were ultimately hired to fill the vacant positions.[5]

In or about March or April 2005, Hertz placed another internal posting to all transporters, notifying them of open CSR positions. Haddad states he again expressed interest in one of the vacant CSR positions. He was again rejected, and external applicants were hired.

Haddad voluntarily resigned his transporter position in December 2005. At no time during his employment with Hertz did another employee or supervisor make derogatory comments regarding

---

[4]During Haddad's employment, any transporter who was interested in a vacant CSR position was not required to fill out a job application, since Hertz already had on file that employee's application for the transporter position.

[5]Neither Haddad's EEOC charge, nor his complaint with this Court, asserts a claim pursuant to the January 2005 posting.

4

Haddad on the basis of his age.

Haddad filed a charge of discrimination with the EEOC on February 27, 2006,[6] alleging three separate instances of national origin and age discrimination between March 22, 2005, and December 22, 2005. Specifically, Haddad's EEOC charge asserts the following:

> I. I was employed on September 4, 2003. I was denied a promotion to Customer Service Representative position on three different occasions.
>
> II. I was told by the Human Resources Director that I did not have to put in an application for each position. She told me that she would call me but she never contacted me for an interview or let me know that I was being considered for any of the vacancies.
>
> III. I believe that I was denied a promotion because of my National Origin, Palestinian, in violation of Title VII of the Civil Rights Act of 1964 and age, 59 in violation of the Age Discrimination Employment Act.

[EEOC Dismissal and Notice of Rights, Doc. #1-2, p. 3]. The EEOC did not discover any violations, and issued Haddad a right-to-sue letter on August 23, 2006. [Id. at 1-4].

Haddad filed the instant complaint on October 3, 2006. He alleges that he was denied a promotion in March 2005, and again "three more times later through December 22, 2005." [Compl., pp.

---

[6]Haddad's EEOC charge is date stamped "received" on February 27. The Court further notes that Haddad has not objected to Hertz's factual statement regarding the date Haddad's EEOC charge was filed.

5-6].[7]

**STANDARD OF REVIEW**

As an initial matter, the Court notes that Haddad is a pro se litigant, and as such his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003) (quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998)).

---

[7]Haddad's complaint with this Court, therefore, alleges four instances of failure to promote. While he alleges that the first failure to promote occurred in March 2005, Haddad's complaint with this Court does not allege dates certain for any of the other violations. Haddad's EEOC charge asserts three instances where he was not promoted, the first occurring on March 22, 2005, and continuing through December 22, 2005.

6

**DISCUSSION**

Haddad's complaint asserts claims of employment discrimination pursuant to the ADEA and Title VII.[8] Hertz, on the other hand, argues that (1) Haddad's EEOC charge was untimely filed, and (2) even if Haddad's EEOC charge was timely filed, he has not alleged sufficient facts to withstand Hertz's motion for summary judgment. Hertz's arguments are discussed below.

**A. TIMELINESS**

To assert a claim of employment discrimination under Title VII or the ADEA, a plaintiff is required to file administrative charges within certain time limits. Specific to the matter currently before the Court, Haddad was required to file his claims with the EEOC within 300 days of the alleged discriminatory employment action. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2); see also Holland v. Sam's Club, 487 F.3d 641, 643–44 (8th Cir. 2007); Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 834 (8th Cir. 2002).

For counting purposes, each time an employer fails to promote an employee is considered a discrete act. See Nat'l R.R.

---

[8]Haddad's EEOC charge alleged age and national origin discrimination, while Haddad's complaint with this Court alleges age, national origin, race, and color discrimination. However, Haddad, during his deposition, stated that his only claim against Hertz with respect to the current lawsuit is based on age discrimination. [Haddad Depo., [Doc. #32-4], p. 41, ll. 2–24]. Nevertheless, the Court will analyze all the claims pled in the complaint — i.e., the Title VII claims of discrimination based on national origin, race, and color, and the ADEA claim of discrimination based on age.

7

Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Further, "the continuing violation doctrine is not available to toll the limitations or revive a claim involving a separate act of discrimination that occurred beyond the 300-day limitation." Wedow v. City of Kansas City, 442 F.3d 661, 670 (8th Cir. 2006) (citing Nat'l R.R. Passenger Corp., 536 U.S. at 113-14). In other words, while "[p]rior acts may be used as background evidence in support of a timely claim...'each occurrence starts a new clock for purposes of filing charges related to that act, and an employee must file charges within...300 days...of a discrete discriminatory action.'" Id. (quoting Tademe v. Saint Cloud State Univ., 328 F.3d 982, 987 (8th. Cir. 2003)).

Haddad's complaint with this Court alleges that Hertz failed to promote him in March 2005, and then three more times through December 22, 2005. He filed his EEOC charge on February 27, 2006, over 300 days[9] after any possible March 2005 claim of discrimination. Consequently, he was late in filing the March 2005 claim of discrimination, and that discrete claim is subject to summary judgment. However, he alleges discrimination that continued through December 22, 2005, and — although he does not allege dates for these violations — for purposes of this motion the Court will proceed as if at least one discrete claim was timely filed with the EEOC.

---

[9]Between April 1, 2005, and February 27, 2006, 332 days expired.
8

**B. TITLE VII CLAIM**

Title VII employment discrimination claims are analyzed under the familiar burden-shifting scheme developed in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). Under the <u>McDonnell Douglas</u> framework, the initial burden rests with a plaintiff, who must establish a prima facie case of discrimination by a preponderance of the evidence. <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 506 (1993); <u>see also</u> <u>Carpenter v. Con-Way Cent. Express, Inc.</u>, 481 F.3d 611, 616 (8th Cir. 2007). To do so, a plaintiff must show that "(1) he is a member of a protected class, (2) he was meeting his employer's legitimate job expectations, (3) he suffered an adverse employment action, and (4) 'similarly situated employees outside the protected class were treated differently.'" <u>Carpenter</u>, 481 F.3d at 616 (quoting <u>Shanklin v. Fitzgerald</u>, 397 F.3d 596, 602 (8th Cir. 2005), <u>cert. denied</u>, 546 U.S. 1066 (2005)).

After a plaintiff has made a sufficient showing of a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action. <u>Gordon v. Shafer Contracting Co.</u>, 469 F.3d 1191, 1196 (8th Cir. 2006). Once such a reason is articulated, the burden of production shifts back to the plaintiff to demonstrate that the proffered nondiscriminatory reason is a pretext for intentional discrimination. <u>Id.</u> At this third step, a plaintiff is obligated to present evidence that (1) creates a question of material fact as

9

to whether a defendant's proffered reasons are pretextual and (2) creates a reasonable inference that race, color, or national origin was a determinative factor in the adverse employment decision. See Stewart v. Independent Sch. Dist. No. 196, 481 F.3d 1034, 1043 (8th Cir. 2007); Logan v. Liberty Healthcare Corp., 416 F.3d 877, 880 (8th Cir. 2005); Keathley v. Ameritech Corp., 187 F.3d 915, 922 (8th Cir. 1999).

Construing the complaint liberally and with every possible inference in favor of Haddad, the Court finds that Haddad has pled that he is a member of a protected class (e.g., he states in his EEOC charge that his national origin is Palestinian); that he was meeting or could meet Hertz's legitimate job expectations (e.g., he states in his complaint that he has forty years of experience in customer service and cash management); that he suffered an adverse employment action (e.g., he states in his complaint that he was not promoted to a CSR position); and that similarly situated employees outside the protected class were treated differently (e.g., he states in his complaint that "four black females were hired for customer service jobs and I was denied that position"). In other words, for purposes of this motion, the Court finds that Haddad has established a prima facie case of discrimination thereby shifting the burden of production onto Hertz.

As stated above, after a plaintiff establishes a prima facie case of discrimination, it becomes incumbent on a defendant

to come forward with a legitimate, nondiscriminatory reason for its treatment of the plaintiff. The Court finds that Hertz has satisfied its burden by producing several legitimate, nondiscriminatory reasons for its failure to promote Haddad. Specifically, Hertz points to two instances that Hertz claims called into question Haddad's honesty and integrity:

> a. Sometime in 2003 Haddad showed Marilyn Skelton, an administrative assistant for Hertz, a ring with a large yellow stone and told her that if she could get him a job as a CSR, he would give her the ring. Skelton did not believe Haddad was joking and she told Malloy about the conversation.
>
> b. In or about February 2004 Malloy learned that Haddad had told Hertz' Third Party Administrator for workers' compensation claims that he had not been offered a light duty assignment when, in fact, such a position had been offered to Haddad and Malloy was present when that offer was made.

[Skelton Decl., [Doc. #32-5], p. 1, ¶¶4-7; Malloy Decl., [Doc. #32-3], pp. 3-4, ¶¶19-22]. Further, Hertz states that when Haddad spoke to Malloy about his interest in the CSR position, he indicated that he was interested in the CSR position because he did not want to work outside as a transporter anymore. [Malloy Decl., p. 3, ¶17]. Malloy felt this was not a sufficient reason for wanting the CSR position, and took it into consideration when making the employment decisions that adversely affected Haddad. [Id., ¶19]. Accordingly, the Court will move to the third part of the McDonnell Douglas burden-shifting scheme.

After a nondiscriminatory reason is offered by a

11

defendant to explain its employment decisions, the burden shifts back to the plaintiff to show that the reason is a pretext for discrimination — i.e., that the reason is "unworthy of credence." Smith v. Allen Health Sys., 302 F.3d 827, 833 (8th Cir. 2002). Haddad has not come forward with **any** evidence or argument indicating how Hertz's proffered reasons for the adverse employment action were a pretext for discrimination, and therefore he does not overcome the third part of the McDonnell Douglas framework. Consequently, any timely claims of discrimination based on his race, color, and national origin are subject to summary judgment.

## C. AGE DISCRIMINATION CLAIM

A claim of age discrimination under the ADEA is considered under the same burden-shifting framework developed in McDonnell Douglas. See Rothmeier v. Inv. Advisers, Inc., 85 F.3d 1328, 1332 n.5 (8th Cir. 1996) ("Although McDonnell Douglas is a Title VII case, the framework it establishes applies with equal force to claims under the ADEA."); Gordon, 469 F.3d at 1196 ("The McDonnell Douglas framework also governs [plaintiff's] claim that [defendant's] failure to hire him...constituted age discrimination."). "A prima facie case of age discrimination requires [a plaintiff] to show that (1) he was at least forty years old; (2) he suffered an adverse employment action; (3) he was meeting [the employer's] reasonable expectations at the time of his [adverse employment action]; and (4) he was replaced by someone

substantially younger." Id.

As with his Title VII claim, even if Haddad can establish a prima facie case of age discrimination, the claim does not withstand summary judgment because he fails to offer any evidence or argument indicating how Hertz's reasons for not offering him a CSR position were a pretext for illegal age discrimination. Consequently, any timely age discrimination claims are similarly subject to summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that defendant Hertz Corporation's motion for summary judgment [Doc. #31] is **GRANTED.**

Dated this __18th__ day of September, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE